UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DIANE LAQUIDARA<br>individually and on behalf<br>of similarly situated individuals,<br><br>   Plaintiff,<br><br>   v.<br><br>KIMBERLY BRUNELLE, and CHRISTOPHER<br>BRUNELLE, WEST MASS MANAGEMENT<br>GROUP, LLC d/b/a MAGIC LANTERN, and<br>MARK PESSOLANO, ORANGE LANTERN<br>INC.,<br><br>   Defendants. | C.A. No. 3:21-30039 |

**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY <u>APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT</u>**

AND NOW, this __3__ day of __Oct__, 2022, upon consideration of Plaintiff's Unopposed Motion for Preliminary Approval of Settlement, the Court grants Plaintiff's Motion and ORDERS as follows:

1. The Parties' proposed settlement, which is set forth in the Joint Stipulation of Class Settlement and Release (the "Settlement Agreement") is preliminarily approved as fair, reasonable, and adequate pursuant to FED. R. CIV. P. 23(e), and a fair and reasonable resolution of a *bona fide* dispute under the Fair Labor Standards Act. Unless otherwise defined, capitalized terms used in this Order shall have the meanings set forth in the Settlement Agreement.

2. For settlement purposes only, the following Settlement Class is preliminarily certified pursuant to FED. R. CIV. P. 23 and 29 U.S.C. § 216(b), pending final approval of the settlement: All current and former individuals who worked as dancers at The Magic Lantern at

1

any time between March 12, 2020, and March 5, 2022. For purposes of the proposed Settlement, the Court finds that the requirements of FED. R. CIV. P. 23 and 29 U.S.C. § 216(b) are satisfied.

3. Plaintiff Diane Laquidara is preliminarily approved as the Representative of the Settlement Class for the purposes of implementing the settlement in accordance with the Settlement Agreement.

4. Lichten & Liss-Riordan, P.C. is preliminarily approved as Class Counsel for the Settlement Class.

5. The proposed Notice Materials, attached to the Motion as Exhibits B-D, are approved as to both form and content, and shall be published and distributed pursuant to the terms of the Settlement Agreement. The Court finds that the dates and manner of mailing and distribution of the Notice Materials meet the requirements of due process, provide the best notice practicable under the circumstances and constitute sufficient notice to all persons entitled thereto. The Long Notice shall be considered to be an Order of the Court, and the dates set forth therein shall govern this case and the Settlement Class, unless modified by the Court.

6. Any Class Member wishing to receive a Settlement Share must return a completed Election to Participate in FLSA Settlement form to Class Counsel, postmarked no later than 90 days after Class Counsel publishes the Short Notice, and must not simultaneously or subsequently return a completed Opt-Out Form to Class Counsel within that same period.

7. Class Members who wish to object to any aspect of the settlement must do so in writing and must mail their written objections to Class Counsel. The objection must include all reasons for the Class Member's objection, the Class Member's name, mailing address and telephone number, and must be received no later than 90 days after Class Counsel publishes the Short Notice.

8. An Objector who wishes to speak at the Fairness Hearing, either in person or through counsel, must state their intention to do so in their written objection. No Class Member shall be heard and no objection shall be considered unless these requirements are satisfied.

9. Any Class Member who does not make her objection to the settlement in the manner provided herein shall be deemed to have waived any such objection and will not have the right to seek any form of reconsideration or appellate review of any aspect of the Settlement.

10. Class Counsel shall file all timely objections with the Court at least seven (7) days before the Fairness Hearing. Any party may file a written response to any filed objection no later than three (3) days before the Fairness Hearing.

11. The Fairness Hearing shall be held on March 2, 2023 at 2:00 P.M., to determine whether the proposed settlement of this action is fair, reasonable, and adequate, and should be approved. The Fairness Hearing may be rescheduled or postponed by order of the Court without further notice to the Settlement Class

12. All discovery and other pretrial proceedings in this action are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

IT IS SO ORDERED, THIS __3__ DAY OF __Oct__, 20_22_.

_____
Honorable Mark G. Mastroianni
United States District Judge

3