**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

DIANE LAQUIDARA
individually and on behalf
of similarly situated individuals,

Plaintiff,

v.

KIMBERLY BRUNELLE, and CHRISTOPHER BRUNELLE, WEST MASS MANAGEMENT GROUP, LLC d/b/a MAGIC LANTERN, and MARK PESSOLANO, ORANGE LANTERN INC.,

Defendants.

C.A No. 3:21-30039

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

## I. INTRODUCTION

Plaintiff Diane Laquidara, through her counsel, hereby submits her motion for attorneys' fees and costs. Pursuant to the terms of the Parties' settlement, Plaintiff's Counsel hereby requests an award of attorneys' fees and costs in the amount of $20,000.00, which represents one-third of the settlement amount. Dkt. 50.2 ¶¶ 3.11, 3.24. This fee request is fair and reasonable in light of the work performed by Plaintiff's Counsel over the lifespan of this case, and in light of Plaintiffs' Counsel's expertise in wage and hour cases, and is in line with attorneys' fees awards in this circuit, and should therefore be approved by this Court.

## II. FACTUAL BACKGROUND

Plaintiff brought this case in April 2021 as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and a class action under Rule 23 of the Federal Rules of Civil Procedure on behalf of individuals who worked as exotic dancers at a bar and

restaurant called the Magic Lantern. Dkt. 1. Plaintiff alleged that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and Massachusetts state law by failing to pay wages to Plaintiff and similarly situated individuals who worked as exotic dancers at Magic Lantern, and by requiring the dancers to pay fees and tip-outs to Magic Lantern. Id.

After the case was filed, Plaintiff filed a motion for conditional certification of her FLSA claims, and the Court conditionally certified a collective of all individuals who worked as exotic dancers at Magic Lantern between September 30, 2018 and September 30, 2021. See Dkt. 32. The Parties subsequently engaged in extensive settlement discussions to arrive at a framework for a classwide settlement. Defendants had limited records for the Settlement Class Members, and Plaintiffs used the sign in-sheets available, which covered the time period of July to October 2020, to prepare a damages estimate. After months of discussions, Plaintiff and the West Mass Defendants (the "Parties") reached an agreement to resolve Plaintiff's claims against them, covering the time period during which they operated the business – i.e. mid-March 2020 to early March 2022. See Settlement Agreement, Dkt. 50.2, ¶ 3.5. The Parties agreed to a proposed settlement of $60,000.00, which will provide substantial compensation to the Settlement Class. See Dkt. 50.2 ¶¶ 2.7, 3.24.

The Parties entered into a written settlement agreement in August 2022, and Plaintiff submitted a Motion for Preliminary Approval for the court's review on August 22, 2022 (Dkt. 50). On October 3, 2022, the Court granted Plaintiff's motion and authorized distribution and publication of the Notice and Election to Participate/opt out forms. Dkt 53.

In the weeks after preliminary approval was granted, Plaintiff's Counsel worked diligently to disseminate notice by text and to arrange notice by publication; to make follow-up calls to Settlement Class Members; and to field any inquiries from Settlement Class Members. Lichten

Decl. ¶ 11. Despite the challenges posed by the lack of contact information for Settlement Class Members, Plaintiff's Counsel's efforts resulted in 8 individuals, in addition to the Named Plaintiff, taking part in the Settlement. Id. ¶ 12. Among these individuals, the Participating Class Member with the largest share will receive $9,602.43; the average settlement award will be $4,166.67. Id. ¶ 13.

## III. ARGUMENT

### A. Plaintiff's Fee Request is Reasonable under any Analysis and Should be Granted

Plaintiff's Counsel seeks fees and costs in the amount of $20,000.00 (representing 1/3 percent of the Gross Settlement Amount) which includes attorneys' fees, payment of expenses, and the costs of administration of the settlement going forward. Dkt. 50.2 ¶¶ 3.11, 3.24. This fee was agreed to by the Parties. Moreover, Plaintiff's Counsel took this case on a contingency-fee basis, where the Plaintiff agreed to pay a one-third fee, thus risking the possibility that they would recover no fees. Lichten Decl. ¶ 8.

The award requested by Plaintiff's Counsel would cover all costs incurred to date by Plaintiffs' Counsel, including the costs associated with notice publication, which are in excess of $5,000, as well as the costs Plaintiff's counsel will incur in the next several months, administering the settlement fund, handling all mailings and filings, and distributing the settlement funds. Lichten Decl. ¶ 16. Plaintiff's Counsel's ability to administer the class settlement without hiring a class action settlement administrator has resulted in a substantial savings, leaving more funds available to pay shares to Participating Class Members. Id.

Plaintiff's Counsel have devoted significant time and resources to this case over the past two years, and have achieved an extremely favorable settlement for the class. Plaintiff's Counsel have spent a combined total of 112.6 hours on this case, for a total of $36,555.00 in fees. Lichten

Decl. ¶ 16. Plaintiff's Counsel have also incurred costs in the amount of $5,177.73 to date in prosecuting this case. Id. ¶ 17.

As described above, Plaintiff's Counsel drafted and filed a conditional certification motion, which was granted by the Court, and which prompted the Parties to discuss a classwide resolution in this case. Lichten Decl. ¶9. Plaintiff's Counsel spent months negotiating the terms of a potential settlement, putting together a damages model, and preparing and finalizing the settlement agreement. Lichten Decl. ¶¶ 10. After submitting the preliminary approval paperwork and obtaining the Court's approval, Plaintiff's Counsel spent weeks arranging notice by publication, making follow-up calls, and fielding Settlement Class Member inquiries. Id. ¶¶ 11-13. In sum, in the course of this litigation, Plaintiff's Counsel have worked continuously to develop their claims and damages theory, and have continued to pursue Plaintiff's and Settlement Class Members' claims while at the same time working toward the most favorable settlement. In addition, Plaintiff's Counsel are administering this settlement in-house, saving on the costs of a third-party administrator and making more funds available to Participating Class Members. Id. ¶ 18. In the coming months, Plaintiff's Counsel will continue to work on this case, addressing questions from Participating Class Members and distributing settlement funds. Id.

The costs incurred by Plaintiff's Counsel have been significant in light of Plaintiff's Counsel's role in administering the settlement. The award sought by Plaintiff's counsel would cover all costs incurred to date including the cost of notice by publication. Lichten Decl. ¶ 17. Plaintiff's Counsel's ability to administer the class settlement without hiring a class action settlement administrator will result in a substantial savings, making more funds available for distribution to Participating Class Members. Id. ¶ 18.

Plaintiff's Counsel provide an analysis of their fee request below under both the percentage of the fund methodology and under the lodestar method. Under either approach, Plaintiff's Counsel's fee request is justified since they have expended $36,555.00 in work hours and $5,177.73 in costs to date, and will continue to incur costs and work on this case in the weeks to come.

**B. Plaintiff's Fee Request is Reasonable under the Percentage of the Fund Approach**

Courts generally favor awarding fees from a common fund based upon a percentage of the fund. As the Supreme Court has explained:

> This Court has recognized consistently that a litigant or lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to reasonable attorneys' fee from the fund as a whole . . . jurisdiction over the fund involved in the litigation allows the Court to prevent . . . inequity by assessing attorneys' fees against the entire fund thus spreading fees proportionally among those benefited by the suit.

Boeing Company v. Van Gemert, 444 U.S. 472, 478 (1980). Assessing attorneys' fees as a percentage of the common fund is favored over the lodestar method because it prevents creating an incentive for attorneys to needlessly spend as many hours as possible on the litigation, encourages capable plaintiffs' attorneys to litigate complex, risky cases and is easier to administer. See In re Puerto Rican Cabotage Antitrust Litig., 815 F. Supp. 2d 448, 458 (D.P.R. 2011); In re Tyco Int'l, Ltd. Multidistrict Litig., 535 F. Supp. 2d 249, 265 (D.N.H. 2007); In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig., 56 F.3d 295, 307 (1st Cir. 1995). The percentage of the fund approach "offers significant structural advantages in common fund cases, including ease of administration, efficiency, and a close approximation of the marketplace." In re Thirteen Appeals, 56 F.3d at 308.

While the First Circuit has not articulated a specific set of factors to use in determining the reasonableness of a percentage-of-the-fund award, courts in this District have applied the following factors:

> (1) the size of the fund and the number of persons benefitted; (2) the skill, experience, and efficiency of the attorneys involved; (3) the complexity and duration of the litigation; (4) the risks of the litigation; (5) the amount of time devoted to the case by counsel; (6) awards in similar cases; and (7) public policy considerations, if any.

In re Lupron Mktg. and Sales Practices Litig., 2005 WL 2006833, at *3 (D. Mass. Aug. 17, 2005); see also Third Circuit Task Force, Court Awarded Attorneys Fees, 108 F.R.D. 237, 255–256 (1985); Goldberger v. Integrated Res., Inc., 209 F.3d 43, 50 (2d Cir.2000).

An analysis of the factors listed above demonstrates that the award sought by Plaintiff's Counsel is reasonable. Plaintiff's Counsel seek an award of attorneys' fees and costs in the amount of $20,000.00, which represents one-third of the total settlement amount. As explained in the preceding section, this amount closely approximates the hours worked and costs expended by Plaintiffs' counsel in this case. The settlement encompasses a group of several dozen exotic dancers who worked at Magic Lantern between 2020 and 2022. Plaintiff's Counsel have not received any objections to or requests for exclusion from the settlement, as noted in the Motion for Final Approval , submitted concurrently.

Plaintiff's Counsel are highly knowledgeable and experienced in the area of class and collective action litigation, and have significant expertise representing exotic dancers. See Lichten Decl. ¶¶ 3-7. Attorney Harold Lichten has litigated, tried, and settled numerous class action wage-and-hour cases in Massachusetts and is a recognized expert in labor and employment law in

Massachusetts.[1] Plaintiff's Counsel are thus leaders in this area of the law, and their experience has provided Plaintiff and the Settlement Class with a high degree of expertise, which contributed to a favorable resolution of their claims.

While Plaintiff's Counsel are confident in the strength of Plaintiffs' claims, this litigation presented significant risks and obstacles. First, this case presented numerous and vigorously contested issues related to the West Mass Defendants' payment practices under the Fair Labor Standards Act and the Massachusetts Tips Law. See Savytska Decl., Dkt. 63.1, ¶ 18. The West Mass Defendants contend, among other things, that Class Members received all wages they were entitled to, and then some, out of payments made by patrons for dances, and that Class Members were not required to tip out staff at the Magic Lantern. Id. ¶ 19. In addition, given the fact that Defendants have ceased to operate Magic Lantern, this settlement avoids the very real risk of a reduced recovery or no recovery at all.. In sum, this case presented several big hurdles to the Settlement Class Members' recovery, which make the settlement in this case an excellent outcome for the Settlement Class Members.

Further, a one-third attorneys' fee award in a common fund case has been consistently approved as reasonable. See, e.g., Bacchi v. Massachusetts Mut. Life Ins. Co., CV 12-11280-DJC, 2017 WL 5177610, at *4 (D. Mass. Nov. 8, 2017) (collecting cases) ("Although the First Circuit has not set a presumptive benchmark for percentage of fund awards, other courts in the Circuit have noted that such benchmark has been between twenty to thirty-five percent."); Scovil v. FedEx Ground Package System, Inc., 2014 WL 1057079, at *5 (D. Me. Mar. 14, 2014) ("contingent fees of one-third are common" and "consistent with wage-and-hour settlements in the neighboring

[1] Among other things, Mr. Lichten successfully argued the landmark case on the Massachusetts Independent Contractor Law, Somers v. Converged Access, Inc., 454 Mass. 582 (2009).

jurisdiction of Massachusetts"); In re Relafen Antitrust Litig., 231 F.R.D. 52, 82 (D. Mass. 2005) (approving attorneys' fees of 33 and 1/3%). Here, as in Scovil, the requested fee of one-third of the settlement amount is particularly appropriate because "the plaintiffs' attorneys have undertaken all the administrative responsibilities of class action notice and distribution of the settlement proceeds" so that the "one-third award here is not just fees but includes all costs and expenses[.]" Scovil, 2014 WL 1057079, at *5. Given this precedent, approving a one-third recovery for attorneys' fees and costs in this class action case, which includes all costs and expenses, is reasonable.

**C. A lodestar Cross-Check also Supports the Fees and Costs requested by Plaintiffs' Counsel**

Although this Circuit "does not require a court to engage in calculating the lodestar method when awarding fees based upon the percentage of the fund method" the lodestar calculation represents a "pragmatic cross-check" for the percentage of the fund award. In re Puerto Rican Cabotage, 815 F. Supp. 2d at 464 (citing In re Thirteen Appeals, 56 F.3d at 307. "The lodestar cross-check is performed by multiplying the hours reasonably expended on the matter by the reasonable hourly billing rate which then provides the court with the 'lodestar calculation.'" In re Diet Drugs Products Liability litigation, 553 F.Supp.2d 442, 485–486 (E.D. Pa. 2008). "The proposed fee award is then divided by the lodestar calculation, resulting in a lodestar multiplier. The lodestar multiplier is compared to other multipliers employed in similar cases. If the multiplier is too great, the Court should consider reducing its award calculated under the percentage of the fund method." In re Puerto Rican Cabotage, 815 F. Supp. 2d at 465 (citing In re Rite Aid Corp. Sec. Litig., 396 F.3d 294, 306 (3d Cir.2005)).

Plaintiff's Counsel have devoted a collective total of 112.6 hours to this case to date, for a collective fee lodestar of $36,555.00.[2] Lichten Decl. ¶ 16. They have also incurred expenses in the amount of $36,555.00. Id. ¶ 17. The requested attorneys' fees in this case represent a mere 55% of the *current* lodestar in this case, and, as such, should be approved. Compare In re Tyco Intern., Ltd., Antitrust Litigation, 535 F.Supp.2d 249, 271 (D.N.H. 2007) (applying a lodestar multiplier of 2.697); In re Relafen Antitrust Litigation, 231 F.R.D52, 82 (D. Mass. 2005) ("A multiplier of 2.02 is appropriate."); In re TJX Cos. Retail Sec. Breach Litig., 584 F.Supp.2d 395, 408 (D.Mass.2008) (applying a lodestar multiplier of 1.97). The lodestar cross-check therefore confirms that the attorneys' fees award requested by Plaintiff's Counsel is reasonable.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorneys' Fees and Costs should be granted.

Respectfully submitted,

Dated: February 27, 2023

Respectfully submitted,

DIANE LAQUIDARA,
individually and on behalf of
others similarly situated,

/s/ Olena Savytska
Harold Lichten
Olena Savytska
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116

[2] Plaintiff's Counsel have used a billing rate of S150.00 an hour for paralegals and Settlement Administrators, $350.00 an hour for associates and $500-$600.00 an hour for partners. Similar rates have been approved previously for this firm. See, e.g., Scolaro v. RightSourcing, Inc., No. 8:16-cv-01083-JVS-KES (C.D. Cal. Jun. 26, 2017) (Final Approval Order finding attorneys' fees rates requested reasonable); see also Oshikoya v. Leidos Health, LLC, No. 1:17-cv-03237, Dkt. 146 (S.D. Ind. July 10, 2019) (approving requested attorneys fees at hourly rates listed above).

Telephone: (617) 994-5800
hlichten@llrlaw.com
osavytska@llrlaw.com

*Attorneys for Plaintiff
and the Class and Collective*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27 day of February, 2023, a copy of the foregoing document was filed electronically through the Court's CM/ECF system, which will send notice of this filing to all counsel of record.

/s/ Olena Savytska
Olena Savytska, Esq.