UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DIANE LAQUIDARA<br>individually and on behalf<br>of similarly situated individuals,<br><br>  Plaintiff,<br><br>  v.<br><br>KIMBERLY BRUNELLE, and CHRISTOPHER<br>BRUNELLE, WEST MASS MANAGEMENT<br>GROUP, LLC d/b/a MAGIC LANTERN, and<br>MARK PESSOLANO, ORANGE LANTERN<br>INC.,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A No. 3:21-30039 |

## ORDER

AND NOW, this __2__ day of __March__, 2023, upon consideration of Plaintiff's Unopposed Motion for Final Approval of Settlement, the Court grants Plaintiff's Motion and ORDERS as follows:

(1)    The Settlement Agreement, including the Releases contained in Part XVII, are incorporated by reference into this Order and are hereby adopted as an Order of this Court.

(2) The Court finds that no Settlement Class Members have objected to the Settlement, and no Class Members requested exclusion from the Settlement Class.

(3) The Court finds that the applicable requirements of Federal Rule of Civil Procedure 23(a) and (b) have been satisfied with respect to the Settlement Class and the proposed Class

Settlement. The Court hereby makes final its earlier certification of the proposed Settlement Class.

(4) For purposes of settlement only, the Court appoints Plaintiff Diane Laquidara as a class representative.

(5) For purposes of the Settlement only, the Court appoints Lichten & Liss-Riordan, P.C. as Class Counsel as counsel for the Settlement Class.

(6) For purposes of the Settlement only, the Court certifies the Action as a collective action under Section 216 of the FLSA as to Plaintiff Laquidara's claims on behalf of Participating Class Members as set out in Counts I and II of the Class and Collective Action Complaint.

(7) For purposes of the Settlement only, the Court certifies the Action as a class action, and of the Settlement Class, under Fed. R. Civ. P. 23(b)(3) as to Plaintiff Laquidara's claims under M.G.L. c. 151, §§ 1, 7, and M.G.L. c. 149, § 152A (Counts III and IV of the Class and Collective Action Complaint).

(8) The Court finds that the Settlement is fair, adequate, and reasonable, and warrants final approval.

(9) The Court finds that the Notice of Settlement given to the Settlement Class fully and accurately informed the Settlement Class members of all material elements of the proposed Settlement, and was the best notice practicable under the circumstances, and complied with the requirements of the Federal Rules of Civil Procedure and due process.

(10) The Court hereby approves the Parties' agreed-upon procedure for disbursement of the settlement awards, as set out in the Settlement Agreement.

(11) The Court hereby approves attorneys' fees in the amount of one-third of the Gross Settlement Amount ($20,000.00) to compensate Plaintiff's Counsel for all work performed in this action and all costs incurred in connection with this action, including the costs of settlement administration.

(12) The Court hereby approves a general release award to Plaintiff Laquidara in the amount of $2,500.00.

(13) The Court hereby dismisses this Action with prejudice as against West Mass management Group, LLC, Kimberly Brunelle and Christopher Brunelle.

(13) The Court hereby retains continuing jurisdiction over: (a) the implementation of the settlement; and (b) the Parties and their counsel, for the purpose of construing, enforcing and administering the Settlement and this Order and Judgment.

IT IS SO ORDERED, this _2_ day of _March_, 2023.

_____
Honorable Mark G. Mastroianni
United States District Judge